UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER ROBERSON<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>　　　　　Defendant. | No.  SACV 09-1243 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Jennifer Roberson ("Roberson") filed a Complaint on November 4, 2009. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on December 1 and 23, 2009.  (Dkt. Nos. 8, 10.)  On July 13, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court affirms the decision of the Commissioner.

///
///
///
///
///

# I.

## PROCEDURAL BACKGROUND

On February 27, 2007, Roberson filed an application for supplemental security income based on disability. Administrative Record ("AR") 9.[1] She alleged a disability onset date of April 30, 2005. *Id.* The application was denied initially and on reconsideration. *Id.* Roberson requested a hearing before an Administrative Law Judge ("ALJ"). AR 78. On October 30, 2008, an ALJ conducted a hearing at which Roberson, a medical expert, and a vocational expert ("VE") testified. AR 29-57. On May 11, 2009, the ALJ issued a decision denying benefits. AR 9-16. On June 3, 2009, Roberson requested that the Appeals Council review the decision denying benefits. AR 5. On September 11, 2009, the Appeals Council denied the request for review. AR 1-3. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is

---

[1] Roberson previously filed an application for supplemental security income payments on March 27, 2006. AR 9. The application was denied and Roberson did not request reconsideration. *Id.*

2

susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

## III.

## DISCUSSION

### A.  Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B.  The ALJ's Findings

The ALJ found that Roberson has the following severe impairments: back injury with bulging disc and headaches. AR 11. She has the residual functional capacity ("RFC") "to lift and carry twenty pounds occasionally and ten pounds frequently." AR 13. She can "stand and/or walk for six hours out of an eight-hour workday [and] sit for six hours out of an eight-hour workday. Pushing and/or pulling are unlimited other than lift and carry. [She] is limited to occasional postural limitations except for frequent climbing of stairs and never crawling. Environmentally, [she] needs to avoid concentrated exposure to extreme cold, avoid moderate exposure to vibration and void [sic] all exposure to unprotected heights and moving machinery." *Id.* The ALJ found that Roberson is capable of performing past relevant work as a cashier as actually and generally performed. AR 15.

### C.  Examining Physician

Roberson contends the ALJ improperly rejected the opinion of an examining physician in Orthopaedic Surgery. Roberson argues that the examining physician's opinion indicates she meets or equals Listing 1.04A.

The examining physician saw Roberson on May 7, 2007. AR 543. She had markedly restricted range of motion of the lumbar spine, and pain with extremes of movement. Straight leg raising was positive. She had normal reflexes, motor function and sensation. *Id.*

The examining physician's opinion does not constitute substantial evidence that Roberson meets or equals Listing 1.04A.[2] The opinion does not indicate "motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss," as required by the listing. Contrary to Roberson's argument, the ALJ did not misrepresent the evidence by stating no examining physician reported findings which meet or equal a listing. AR 13. Any error was harmless. *Stout v. Comm'r of the Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also McLeod v. Astrue*, 2011 U.S. App. LEXIS 2346, *11-*14 (9th Cir. Feb. 4, 2011) (party challenging agency determination has burden to show prejudice resulted from alleged error).

### D. Equivalency to Listing 1.04A

At step three, the claimant bears the burden of demonstrating that her impairments are equivalent to a listed impairment that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Bowen v. Yuckert*, 482 U.S. 137, 141, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). "If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step." *Id.* at 141; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

---

[2] Listing 1.04A, "Disorders of the Spine," requires "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.

"The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990) (citation omitted, emphasis in original). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* at 530 (emphasis in original).

"To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is *not* listed, then to the listed impairment 'most like' the claimant's impairment." *Tackett*, 180 F.3d at 1099 (emphases in original); 20 C.F.R. § 404.1526. "'Medical equivalence must be based on medical findings.' A generalized assertion of functional problems is not enough to establish disability at step three." *Tackett*, 180 F.3d at 1100 (citation omitted).

"An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

The ALJ found that "[t]he record does not report the existence of any functional limitations and or diagnostic test results, which would suggest that the impairments meet or equal the criteria of any specific listing." AR 13. In addition, the ALJ noted that no treating or examining physician had reported findings that met or equaled a listing, and such findings were not indicated by the medical evidence of record, as affirmed by the medical expert. *Id.* The ALJ specifically considered Listing 1.04A. *Id.*

///
///
///
///

Roberson argues that she meets or equals Listing 1.04A based on the opinion of an examining physician in orthopaedic surgery. Her argument is rejected for the reasons discussed above.[3]

Substantial evidence supports the ALJ's findings. The ALJ reviewed and weighed the medical evidence. AR 11-15. The ALJ cited the opinion of examining physician Dr. Altman, who found MRI evidence of mild degenerative disc disease and concluded Roberson could perform medium work. AR 12. The ALJ also cited objective medical evidence (consisting of x-rays, MRI results and a nerve conduction study) that indicated mild degenerative disc disease, mild spondylosis and mild S1 radiculopathy. AR 12, 540, 562, 565. The ALJ found the medical expert's opinion that Roberson did not meet or equal a listing was consistent with the objective medical evidence. AR 11-13. The ALJ did not err.

### E.   Treating Physician

Roberson contends that the ALJ failed to provide specific and legitimate reasons for rejecting a temporary disability opinion of treating physician Dr. Schilling. Roberson concedes that the period of temporary disability, February 7, 2003 until April 15, 2003, is "somewhat remote" in time. JS 17. Nevertheless, Roberson argues that the ALJ's decision might have been different if Dr. Schilling's opinion as to temporary disability had been considered.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue,* 495 F.3d 625, 631 (9th Cir. 2007). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial

---

[3] Roberson relies on *Marcia v. Sullivan*, 900 F.2d 172 (9th Cir. 1990), to support her contention that the ALJ did not consider equivalence. JS 13. Roberson's reliance on *Marcia* is misplaced. In *Marcia*, the claimant presented medical findings and evidence regarding the combination of his impairments in an effort to establish equivalence. *Marcia*, 900 F.2d at 176. Here, Roberson did not present evidence of medical equivalence.

evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* at 632 (citations and quotations omitted).

The ALJ considered that, in a permanent and stationary report, Dr. Schilling diagnosed Roberson with lumbar sprain/strain, lumbar discopathy, and lumbar radiculopathy, and limited her to light work as of August 22, 2003. AR 11, 522. Dr. Schilling's opinion is consistent with the ALJ's RFC and there is no indication the ALJ rejected Dr. Schilling's opinion. Roberson's argument that the ALJ should have discussed Dr. Schilling's prior opinion that Roberson was temporarily disabled between February 7, 2003 and April 15, 2003 is not well taken. AR 528. There was no need for the ALJ to address a period of temporary disability that lasted less than 12 months, and occurred prior to the alleged onset date and prior to the same physician's opinion that Roberson was capable of light work as of her permanent and stationary date. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ is not required to discuss evidence that is neither significant nor probative). Put another way, the ALJ's disability determination remains valid even assuming Dr. Schilling's prior opinion of temporary disability is fully accepted.[4] *See McLeod*, 2011 U.S. App. LEXIS 2346 at *11-*14; *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2005) (harmless error). It is clear on this record that any error was harmless.

### F. Past Relevant Work

Roberson contends that the ALJ erred by failing to discuss the actual physical and mental demands of her past relevant work.

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally

---

[4] Roberson's argument that the previous period of temporary disability lends credence to Dr. Tajik's opinion of disability four years later is not sufficient to establish prejudicial error. Roberson does not challenge the ALJ's reasons for discounting Dr. Tajik's opinion. Moreover, Dr. Schilling opined that Roberson could perform light work after she was permanent and stationary.

7

performed in the national economy.'" *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted).  "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).  The ALJ must make "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id.* at 845; Social Security Ruling 82-62;[5] *see also* 20 C.F.R. §§ 404.1520(e), 416.920(e).  The ALJ is not required to make explicit findings as to whether a claimant can perform past relevant work both as generally performed and as actually performed.  *Pinto,* 249 F.3d at 845.

      The ALJ found that Roberson could return to her past relevant work as a cashier, both as actually and generally performed.  AR 15.  The ALJ stated that he relied upon the VE's testimony that the requirements of the cashier job were consistent with Roberson's RFC.  *Id.*  Prior to the VE's testimony, the ALJ questioned Roberson about the requirements of her cashier jobs.  AR 52-54.  The VE testified that both cashier positions were light, unskilled jobs.  AR 55; *see* DOT 211.462-010; DOT 311.472-010. The VE testified that a person with Roberson's RFC could perform her past relevant work as a retail cashier or a fast food cashier.  AR 15, 55.  Roberson's descriptions of her prior work (*see* AR 53-54) and the VE's opinion, which in turn relied on specific job classifications in the DOT, constitute substantial evidence supporting the ALJ's determination.  *See Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (claimant's testimony about past relevant work is "highly probative"); *Pinto,* 249 F.3d at 845-46 ("the best source for how a job is generally performed is usually the Dictionary of Occupational Titles").  Roberson does not identify any inconsistency between the ALJ's

---

[5] Social Security rulings do not have the force of law.  Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

RFC and her ability to perform her past relevant work as actually performed according to her description or as generally performed according to the DOT job classifications. The ALJ did not err.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: March 30, 2011

                                   ALICIA G. ROSENBERG
                                   United States Magistrate Judge